UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLISHED.COM, INC., f/k/a 1847 GOEDEKER INC., <br><br> Plaintiff, <br><br> v. <br><br> ALBERT FOUERTI, <br><br> Defendant. | __-cv-_____ <br><br> Removed from: <br><br> Supreme Court of the State of New York, County of Kings <br><br> Index No. 505260/2024 <br><br> **NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1334, 1452, and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9027, George L. Miller, the chapter 7 trustee to the bankruptcy estate of Plaintiff, Polished.com, Inc., f/k/a/ 1847 Goedeker Inc. ("Polished" or "Plaintiff"), by and through his undersigned counsel, hereby removes to this Court the claim asserted against Defendant, Albert Fouerti ("Defendant") in the pending action captioned *Polished.com, Inc., f/k/a 1847 Goedeker Inc. v. Albert Fouerti*, Index No. 505260/2024, filed and pending in the Supreme Court of the State of New York, County of Kings (the "Removed Action").

### Facts Demonstrating Entitlement to Removal

1.      On March 7, 2024, Polished and seven affiliated entities (together, the "Debtors") filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The case of Polished (the "Bankruptcy Case") is being administered under case number 24-10353 (TMH). The Bankruptcy Case remains pending in the Delaware Bankruptcy Court before the Honorable Thomas M. Horan.

4885-1357-9957.1 57099.00001

2.      George L. Miller (the "Trustee") has been appointed as the chapter 7 trustee in the Bankruptcy Case.

3.      On February 21, 2024, Polished filed its complaint (the "Complaint") in the Removed Action.  Defendant is a former Chief Executive Officer and Director of Polished. Polished asserts a claim against Defendant for breach of fiduciary duty.

4.      Specifically, the Complaint alleges that Defendant created an environment that fostered non-compliance with obligations related to sales and use taxes.  As described in the Complaint, Polished alleges that Defendant directed employees to stop filing sales taxes on behalf of Polished, allowed employees to accept inadequate documentation from customers claiming to be tax exempt, and knowingly failed to pay the appropriate workman's compensation insurance premiums, which Polished is now required to pay.  Polished seeks compensatory damages, together with interest, costs of suit, and attorneys' fees.

5.      The allegations in the Complaint are related to the Bankruptcy Case.  The Removed Action is property of the bankruptcy estate of Polished.  Moreover, the entry of a final judgment against Defendant and in favor of Plaintiff would directly and substantially affect the Debtors and their estates.

6.      "For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the action's 'outcome might have any 'conceivable effect' on the bankrupt estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992)); *see also Worldview Entm't Holdings Inc. v. Woodrow*, 611 B.R. 10, 16 (S.D.N.Y. 2019) ("'related to' jurisdiction has been found in cases in which the cause of action will directly impact the amount of any distribution payable to

creditors, as for example when the bankruptcy trustee or representative sues to recover damages on behalf of the bankruptcy estate.").

7.      "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (citations and internal quotation marks omitted).  The Supreme Court has held that "related to" jurisdiction under 28 U.S.C. § 1334(b) should be interpreted broadly.  *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995).

8.      The cause of action at issue is property of the bankruptcy estate of Polished.  All of the events giving rise to the cause of action in the Complaint occurred before the Petition Date.  Likewise, Polished not only could have filed, but did file the Complaint before the Petition Date, on February 21, 2024.  Accordingly, the cause of action asserted in the Complaint is property of the bankruptcy estate of Polished, and the Court has "related to" jurisdiction over such cause of action under 28 U.S.C. § 1334(b).

9.      Even if the cause of action asserted in the Complaint was not property of the bankruptcy estate, the Court would have "related to" jurisdiction over the cause of action because of its conceivable effect on the estate.  As discussed above, through the Complaint Polished seeks damages and costs in connection with the allegations of breach of fiduciary duty against Defendant.  If successful, the claim will generate value for the bankruptcy estate that will be available for distribution to creditors.  As such, the cause of action is subject to the Court's "related to" jurisdiction, and removal is permitted under 28 U.S.C. § 1452(a).

10.      Therefore, removal of the Removed Action is proper and appropriate pursuant to 28 U.S.C. § 1452(a), which provides that "[a] party may remove any claim or cause of action in a

civil action . . . to the district court for the district where such civil action is pending," because this Court has jurisdiction under the "arising in or related to" prong of 28 U.S.C. § 1334(b).

11.     Given the Delaware Bankruptcy Court's familiarity with the events underlying the Removed Action, Plaintiff will seek to transfer the Removed Action to the District of Delaware under 28 U.S.C. § 1406 (for automatic referral to the Delaware Bankruptcy Court by operation of the Amended Standing Order of Reference Re: Title 11 from the United States District Court for the District Court of Delaware, dated February 29, 2012).

## Other Procedural Requirements

12.     Plaintiff consents to the entry of a final order or judgment by the bankruptcy court.

13.     Copies of all process and pleadings filed in the Removed Action are being filed contemporaneously with the filing of this Notice of Removal in accordance with 28 U.S.C. § 1446 and Bankruptcy Rule 9027(a)(1), and are attached hereto as **Exhibit A**.

14.     A copy of the Notice of Removal will be filed with the Clerk of the Court for the Supreme Court of the State of New York, County of Kings, and will be served upon counsel for all parties to the Removed Action pursuant to Bankruptcy Rule 9027(b) and (c).

15.     WHEREFORE, Plaintiff removes the Removed Action from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York.

5

Dated:  April 9, 2024                    **PACHULSKI STANG ZIEHL & JONES LLP**

                                      */s/ Beth Levine*

                                        Bradford J. Sandler
                                        Beth Levine
                                        780 Third Avenue
                                        34th Floor
                                        New York, NY 10017
                                        Telephone:  (212) 561-7700
                                        Facsimile:  (212) 561-7777
                                        Email: bsandler@pszjlaw.com
                                                       blevine@pszjlaw.com

                                        *Counsel to George L. Miller, Chapter 7 Trustee*